**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**ANGELA DAVIS** **PLAINTIFF**

**VS.** **CAUSE NO.** 25-cv-169-LT

**WAL-MART STORES INC. and;**
**JOHN DOES 1-10;**
**JANE DOES 1-10; and**
**ABC CORPORATIONS 1-10** **DEFENDANTS**

DUSTIN R. BAIRFIELD, CIRCUIT CLERK
MAR 21 2025
By ____ DC

---

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

**COMES NOW,** the Plaintiff, ANGELA DAVIS, by and through counsel, and files this, her *Complaint*, against the Defendants, and in support thereof, would show the following:

**INTRODUCTION**

1. This is a personal injury action brought against Defendants arising from a slip and fall incident that occurred on or about March 22, 2022, whereby Plaintiff suffered injuries due to the negligence of Defendants, as described herein.

**PARTIES**

2. Angela Davis (sometimes hereinafter referred to as "Plaintiff" or "Ms. Davis") is an adult resident citizen of the Lincoln County, Mississippi.

3. Defendant Wal-Mart Stores, Inc. (hereinafter referred to as "Defendant" or "Wal-Mart") is a Bentonville, Arkansas corporation, licensed to do business in the State of Mississippi, whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, suite 101, Flowood, Mississippi 39232.

4. Defendant's John/Jane Does 1-10 were employees and/or agents of Defendant Wal-Mart whose identities are not yet known and were so employed and were acting within the scope of their employment at all times relevant hereto.

5. Defendant's "ABC Corporations 1-10," whose current names and identities are unknown to the Plaintiff, will be correctly named and identified when they are ascertained.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper against all Defendants via Mississippi Code 11-11-3(1)(a)(i), as a substantial alleged act and/or omission giving rise to this cause occurred at whole or in part within Lincoln County, Mississippi.

7. Subject matter jurisdiction is also proper in this Court as the *Complaint* seeks monetary damages in excess of the statutory minimum.

## FACTUAL ALLEGATIONS

8. That on or about March 22, 2022, as a result of hazardous conditions created by the Defendants, Angela Davis suffered a fall at Defendant's premises located at 960 Brookway Blvd, Brookhaven, MS 39601.

9. As a result of her injuries, Ms. Davis has accrued $65,572.61 in medical bills, that do not include future medical expenses.

## NEGLIGENCE

10. On or about March 22, 2022, Ms. Davis was a business invitee on the property of Defendant Wal-Mart, which is located at 960 Brookway Blvd, Brookhaven, MS 39601. On that date, Ms. Davis was walking in the store, walking past the bakery and when she slipped and fell on a puddle of water was on the floor in front of the Bakery.

11. As a result of her slip and fall caused by Defendants negligence, Ms. Davis injured her L4-L5, and C4-C6 vertebrae's which required multiple procedures, injections, and an epidural. Ms. Davis is still having pain in her back and neck and is still in treatment.

12. At all times relevant and material herein, Defendants owed Ms. Davis a duty to maintain its premises in a reasonably safe condition, to reasonably inspect the property in order to discover any dangerous conditions, to refrain from conduct that would injure Ms. Davis, to refrain from creating any hazardous condition, to properly maintain safe pathways throughout the store; and to properly train its employees to safely maintain pathways throughout the store.

13. At all times relevant and material herein, Ms. Davis did not commit any act of negligence contributing to her injuries. Instead, Defendants' negligence was the direct and proximate cause of Ms. Davis's injuries, as the dangerous condition was a direct result of the Defendants negligence.

14. At all times material and relevant herein, Defendants, its agents, servants, or employees, breached its duties owed to Ms. Davis by negligently maintaining its premises in one or more of the following ways:

a. Negligently and carelessly failed to train its employees;
b. Negligently and carelessly failed to train its employees to warn business invitees of any dangerous condition present on the premises of the business;
c. Negligently and carelessly failed to train its employees to maintain the store's pathways and/or failed to train its employees as to the maintenance and/or preventative measures of dangerous conditions on the premises;
d. Negligently and carelessly failed to take appropriate corrective or remedial action to prevent Ms. Davis from slipping on the wet substance and ultimately falling on the ground;

e. Negligently and carelessly failed to inspect the area and pathways of the store where Ms. Davis's injury occurred;

f. Negligently and carelessly failed to monitor the pathways of the store;

g. Negligently and carelessly failed to inspect the pathways of the store properly in order to discover dangerous conditions on the property;

h. Negligently and carelessly failed to render appropriate care to Plaintiff after her injuries occurred;

i. Negligently and carelessly failed to properly train the management staff of the store to properly inspect the pathways of the store for dangerous conditions; and

j. Was otherwise negligent at the time and place complained of.

15. At all times relevant and material herein, Defendants knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous condition on its premises and/or the condition had existed for a sufficient length of time so that Defendants knew or should have known of the condition and could have easily remedied the condition.

16. As a direct and proximate result of the negligence of Defendants, as hereinabove alleged and described, Ms. Davis slipped on a puddle and fell onto the floor, the hazardous condition was not remedied nor was Plaintiff given notice of the unsafe condition. The Defendants' negligence is a direct and proximate cause of Ms. Davis's serious bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, and lost wages, among other damages. These losses are either permanent or continuing in nature, and Ms. Davis will continue suffer such losses in the future.

17. Because of the incident, Ms. Davis suffered serious injury to her person and now seeks recovery for the injuries she received due to negligence of the Defendants.

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18. Plaintiff reasserts and re-alleges each and every fact and allegation in Paragraphs 1-17, of this *Complaint* and incorporates them by reference, as if fully set forth herein.

19. Based upon the actions of Defendants, as described and alleged herein, Plaintiff has suffered severe emotional distress.

20. Defendants are legally responsible for Plaintiff's emotional distress and damages arising therefrom.

21. Defendants' negligence caused Plaintiff to suffer physical harm with emotional distress, and the conduct exhibited by Defendants was a substantial factor in causing Plaintiff's emotional distress, and it was expected, foreseeable, and predictable, that Defendants' conduct would cause Plaintiff emotional distress.

22. As a direct, immediate, and proximate result of Defendants' negligence, as described herein, Plaintiff has sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

**FICTITIOUS PARTIES**

23. Plaintiff adopts each material averment of this *Complaint* as if fully set out herein.

24. Plaintiff further aver that the negligence and omissions of the Fictitious Defendants, identified as Defendants "John Does 1-10" and "Jane Does 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages.

Defendants "John Does 1-10" and Jane Does "1-10," whose current names and identities are unknown to the Plaintiff will be correctly named and identified when they are ascertained.

25. Plaintiff further avers that the negligence and omissions of the Fictitious Defendants, identified as Defendants "ABC Corporations 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages. Defendants "ABC Corporations 1-10," whose current names and identities are unknown to the Plaintiff will be correctly named and identified when they are ascertained.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Angela Davis prays for judgment of, from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates the Plaintiff, including all costs incurred due to this litigation and claim for damages, including attorneys' fees and expenses. Plaintiff further prays for prejudgment and post-judgment interest. Plaintiff further prays for any other general relief to which she may be entitled.

**RESPECTFULLY SUBMITTED,** this the 21st day of March 2025.

**ANGELA DAVIS**

BY: Trent Haycock, Esq. (MSB# 106649)

Derek L. Hall (MSB# 10194)
Trent Haycock (MSB# 106649)
DEREK L. HALL, PC
370 Towne Center Blvd.
Ridgeland, MS 39157
Telephone: (601) 202-2222
Facsimile: (601) 981-4717
Email: derek@dlhattorneys.com
Email: trent@dlhattorneys.com
*Attorneys for Plaintiff*